

One South Church Ave., Suite 700
Tucson, Arizona 85701

Rob Charles, State Bar No. 007359
Direct Dial: (520) 629-4427
Direct Fax: (520) 879-4705
E-mail: RCharles@LRLaw.com

Erin O. Simpson, State Bar No. 021325
Direct Dial: (520) 629-4470
Direct Fax: (520) 879-4729
E-mail: Esimpson@LRLaw.com

*Attorneys for Plaintiff Dealer Services Corporation*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MAJDI KATIBA and<br>SHARON KATIBA,<br><br>                    Debtors. | Chapter: 7<br><br>Case No. 4:09-bk-14633-JMM |
| DEALER SERVICES CORPORATION,<br><br>                    Plaintiff,<br><br>vs.<br><br>MAJDI KATIBA,<br><br>                    Defendant. | Adversary No. 4:09-ap-00963-JMM<br><br>**COMPLAINT** |

Plaintiff Dealer Services Corporation ("DSC") alleges:

## JURISDICTION AND VENUE

1. This adversary proceeding arises out of and is related to the chapter 7 case *In re Katiba*, Case No. 4:09-bk-14633-JMM, filed on June 26, 2009 (the "Petition Date"). This proceeding is brought pursuant to Rule 7001, Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## GENERAL ALLEGATIONS

3. At all times material to the allegations of this Complaint, Majdi Katiba



1 ("Katiba") was a sole proprietor who is now, or has been, in the business of selling used
2 motor vehicles at a business location of 6161 S. Chateau Way, Tucson, Arizona 85746
3 under the assumed business name "Majdi Auto Sales."

4     4. On or about July 5, 2005, DSC and Katiba entered into a Demand Promissory
5 Note and Security Agreement (the "Note") in the principal sum of $100,000.00, together
6 with interest payable and other charges, all as stated in the Note, whereby Katiba granted
7 DSC a security interest in all of his assets and properties wherever located, including,
8 without limitation, all equipment of any kind or nature; all vehicles, vehicle parts and
9 inventory then owned or thereafter acquired; purchase money inventory, the purchase of
10 which was financed or floorplanned by DSC for Katiba, of whatever kind or nature, and
11 all returns, repossessions, exchanges, substitutions, attachments, additions, accessions,
12 accessories, replacements, and proceeds thereof; all accounts receivable, chattel paper, and
13 general intangibles then owned or thereafter acquired by Katiba, together with the
14 proceeds thereof; and all of Katiba's documents, books and records relating to the
15 foregoing (the "Collateral"). A true and accurate copy of the Note is attached hereto as
16 **Exhibit A**, and incorporated herein by reference.

17     5. DSC duly perfected its security interest in the Collateral by filing a UCC
18 Financing Statement with the Office of the Arizona Secretary of State (the "Financing
19 Statement"). A true and accurate copy of the Financing Statement is attached hereto as
20 **Exhibit B** and is incorporated herein by reference.

21     6. Under the Note, Katiba represented, warranted and covenanted that he would
22 "hold any funds and proceeds payable to DSC, in the same form as received, ***in trust*** for
23 DSC and remit same to DSC pursuant to this Note." See Exhibit A, § 3(f) (emphasis
24 added).

25 **FIRST CLAIM FOR RELIEF**
26 **(Non-Dischargeability Pursuant to 11 U.S.C. § 523(a)(4))**

27     7. Between October 14, 2008 and the Petition Date, DSC advanced funds to
28 Katiba and to certain third parties on Katiba's behalf for the purchase of vehicle inventory



1  (the "Inventory") pursuant to the terms of the Note.

2      8.   Pursuant to the Note and the Financing Statement, DSC retained a perfected
3  security interest in the Inventory.

4      9.   Under the terms of the Note, all amounts received by Katiba from the sale of
5  any item of Inventory financed by DSC were required to be held in trust for the sole
6  benefit of DSC.

7      10.   The Note created a fiduciary relationship between Katiba and DSC.

8      11.   Katiba sold out of trust no fewer than six items of DSC-floorplanned Inventory
9  (the "SOT Vehicles") without remitting the required portions of the proceeds of such sales
10 to DSC.

11     12.   Katiba knew, at the time of the sales and thereafter, that by selling the SOT
12 Vehicles without paying DSC the balances owed on the SOT Vehicles, he was breaching
13 his fiduciary duty to DSC.

14     13.   Katiba knew or should have known that his breach of fiduciary duty was likely
15 to cause monetary losses to DSC.

16     14.   Katiba concealed the sales of the SOT Vehicles from DSC with the intention of
17 preventing DSC from exercising its rights, as a secured creditor, to the SOT Vehicles and
18 to the proceeds of the sales.

19     15.   Katiba embezzled the proceeds of the sales of the SOT Vehicles and directed
20 such funds to other uses, despite his knowledge that such funds were required to be held in
21 trust for the sole benefit of DSC.

22     16.   For three of the six SOT Vehicles, Katiba made no payments to DSC
23 whatsoever, despite receiving full payment from the consumer purchasers of the SOT
24 Vehicles.

25     17.   As of the Petition Date, a principal balance of $30,170.52, excluding all
26 interest, fees, and other charges, remains due and owing to DSC on the SOT Vehicles.

27

28



1    WHEREFORE, plaintiff Dealer Services Corporation demands judgment against defendant Majdi Katiba as follows:

    A.    Declaring a portion of Katiba's debts to Dealer Services Corporation to be non-dischargeable pursuant to 11 U.S.C. Section 523(a)(4);

    B.    Awarding Dealer Services Corporation judgment against Katiba in the amount of $30,170.52 plus post-judgment interest and costs of collection; and

    C.    Awarding Dealer Services Corporation such other and further relief as to the Court may seem just and proper.

DATED this 20th day of August, 2009.

LEWIS AND ROCA LLP

By _____
Rob Charles
Erin O. Simpson
*Attorneys for Plaintiff*
*Dealer Services Corporation*