**SIGNED.**



Clerk: This Decision sets deadlines and/or hearings.

Dated: June 16, 2010

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| MAJDI KATIBA and SHARON KATIBA, | No. 4:09-bk-14633-JMM |
| Debtors. | Adversary No. 4:09-ap-00963-JMM |
| DEALER SERVICES CORPORATION, | **MEMORANDUM DECISION** |
| Plaintiff, | |
| vs. | |
| MAJDI KATIBA, | |
| Defendant. | |

Dealer Services Corporation ("DSC") moved for summary judgment against Defendant Majdi Katiba (DN 19). The parties filed briefs and argued their positions. After further review of the facts and the law, the court rules.

## JURISDICTION

This court has jurisdiction over this core proceeding.

## UNDISPUTED FACTS

The following facts are not in dispute:

1.  Defendant executed a note and security agreement, concerning a revolving line of credit with DSC, on July 1, 2005.
2.  Katiba, between October 14, 2008 and June 26, 2009 (the petition date), drew money against the line which has not been repaid.
3.  The draw was used to purchase six specific automobiles for his business' inventory.
4.  The agreement executed by Defendant Katiba, provided that the sales proceeds from the financed vehicles would be held in trust for DSC's benefit. Ex. B, para. 4(g).
5.  Katiba's business sold the vehicles and failed to remit the proceeds to DSC.
6.  Katiba was, by virtue of the trust relationship, a fiduciary for DSC as to the proceeds received from the sales of each of the six vehicles.
7.  Katiba was unable to account for the proceeds, and speculates that his brother may have stolen them. No evidence was produced to bolster that suspicion, such as a police report, an insurance claim or paperwork showing a withdrawal by the brother from the business accounts.
8.  DSC has been damaged in the principal amount of $30,170.52.

## **DISCUSSION**

Of the various non-dischargeable events specified by 11 U.S.C. § 523(a), the cause of action related to a violation of a fiduciary duty has the lowest threshold of proof.

The Defendant defends, first, on grounds that the revolving line of credit has been extinguished. But he produced no evidence of any termination, whether by letter or contract. And, he does not explain, to the satisfaction of the court, how DSC advanced funds--to his business account--for the purchase of various automobiles which ended up in the inventory of his used car business.

The second defense concludes that the Defendant's brother, Sayed, somehow purloined the sales proceeds. No facts were produced to support that conclusion. Even if true, that fact would not negate the Defendant's responsibility, as a trust fiduciary, to account for and pay over the sales proceeds to DSC. At most, such embezzlement would give the Defendant a legal claim against his brother. It does not create a defense to the Defendant's obligation to segregate and protect trust fund proceeds for DSC's benefit. In other words, it was his responsibility to protect the trust funds.

The third defense is that the documentation supporting DSC's motion for summary judgment is hearsay. The court disagrees. The documents are business records from DSC's files, for which a foundation was laid by Kathy Clark, as custodian of the same. The documents are admissible as business records. FED. R. EVID. 803(6).

## **THE LAW**

*Lewis v. Scott (In re Lewis),* 97 F.3d 1182 (9th Cir. 1996)

*In re Baird*, 114 B.R. 198 (9th Cir. BAP 1990)

*In re Banks*, 263 F.3d 862 (9th Circ. 2001)

*In re Niles*, 106 F.3d 1456 (9th Cir. 1997)

*In re Strack*, 524 F.3d 493 (4th Cir. 2008)

## **CONCLUSION**

There exists neither genuine nor material disputed facts to justify a trial in this matter. The law on such undisputed facts favors the Plaintiff.

Therefore, DSC's motion for summary judgment is GRANTED; and the principal sum of $30,170.52 is declared to be non-dischargeable. Attorneys' fees in a reasonable amount are likewise awarded to DSC. DSC should present its application for fees and taxable costs **within 15 days**. Defendants shall have **15 days** to respond. Thereafter, the court will rule.

DSC has voluntary waived any claim to interest or penalties (Reply at 3, line 1, DN 40).

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to:

Ronald Ryan, Attorney for Defendant

Jeff Sklar, Attorney for Plaintiff